UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES REEDOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08 0060 |
| | ) |
| TARRANT COUNTY COMMUNITY | ) |
| COLLEGE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**TRANSFER ORDER**

This matter comes before the Court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint.

Plaintiff brings this employment discrimination action against the Tarrant County Community College, South Campus, and individuals associated with or employed by the college for discrimination against him on the bases of his age and race. *See* Compl. at 1-3. He demands compensatory damages for lost earnings, physical pain and mental anguish. *Id.* at 3.

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F. Supp. 461, 463 (D.D.C. 1978). Even though a court typically should give deference to a plaintiff's choice of forum, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001).

The Court has reviewed the complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Assuming without deciding that plaintiff adequately states a claim against these defendants, this district is not the proper place for its resolution. None of the defendants are alleged to reside or conduct business in the District of Columbia. Rather, all the parties, including plaintiff, are in Texas, and all of the events giving rise to plaintiff's causes of action appear to have occurred in Texas. Therefore, in the interests of justice, this action will be transferred.

Accordingly, it is hereby

ORDERED that this civil action shall be **TRANSFERRED** to the United States District Court for the Northern District of Texas. Resolution of plaintiff's application to proceed *in forma pauperis* left for the transferee court to decide.

SO ORDERED.

/s/ 
United States District Judge

Date: December 28, 2007